IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Kevin Harbin, *a/k/a Kevin Habin*; Augustus McBeth; Robert Hutto; John Henry Hart; Michael Young; NFN Ras'Khafre; Jarvis Gibbs; Markey Linen; Darvin Allen; Carlos Rolind; Christopher Gale; Henry J. Dukes; Kenneth White; Leshaun Byrd; Rafi-Al Jami; and, Williams Sims,<br><br>      Plaintiffs,<br><br>vs.<br><br>South Carolina Department of Corrections; William R. Byars, Jr., Director; John H. Carmichael, Jr., Deputy Director;  Gary A. Boyd, Director of Inmate Services; Lloyd J. Roberts, Chief Chaplain of Inmate Service; Omar Shaheed, Senior Muslim Chaplain of Islam Affairs; Tamir Abdul Mutakabluir, Islam Affairs; Reginald Cruz, Chaplain of Inmate Service; Glenn Sherman, Chaplain of Inmate Service; David Tatarsky, General Counsel; and, Sandra Bowie, Policy Development<br><br>      Defendants. | Civil Action No. 6:13-1973-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the defendants'[1] motion to dismiss all named plaintiffs who failed to sign the complaint. On July 17, 2013, this case was removed from the Court of Common Pleas for Richland County, South Carolina.  The complaint names seventeen inmates in the South Carolina Department of Corrections ("SCDC") as party plaintiffs and alleges the plaintiffs' constitutional rights have been violated due to the defendants' disallowance of certain religious practices related to the Nation of Islam.  The

---

[1] Defendants Gary A. Boyd and Omar Shaheed have not yet appeared in this case.

complaint also alleges violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

Only plaintiff Kevin Harbin, who is proceeding *pro se*, signed the complaint. On July 22, 2013, the defendants filed a motion to dismiss from the case all the named plaintiffs who have failed to sign the complaint. On July 23, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the seventeen plaintiffs were advised of the motion to dismiss procedure and the possible consequences if they failed to respond adequately. On July 30, 2013, a motion for extension of time to respond to the motion to dismiss was filed by plaintiff Harbin. On August 1, 2013, the undersigned issued an order granting the motion for extension.

On August 7, 2013, named plaintiff August McBeth sent a letter to the court (doc. 20) stating that he was named as a plaintiff without his consent and he did not wish to participate in this action.

On August 14, 2013, plaintiff Harbin filed his response in opposition to the motion to dismiss in which he states that he "will proceed as the only named party/plaintiff" (doc. 30 at p. 1). No other named plaintiffs filed any opposition to the motion to dismiss. The defendants filed a reply on August 26, 2013, noting that the motion to dismiss was not directed against plaintiff Harbin (doc. 33 at p. 2).

Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading ... must be signed . . . by a party personally if the party is unrepresented." The rule further provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

As plaintiff Harbin is the only person who signed the complaint and as the other named plaintiffs have neither submitted their signatures nor responded to the defendant's motion to dismiss, this court recommends that all named plaintiffs with the exception of plaintiff Harbin be dismissed from this action.

IT IS SO RECOMMENDED.

August 29, 2013                                        s/ Kevin F. McDonald
Greenville, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).