**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Kevin Harbin, | ) | |
| | ) | Civil Action No. 6:13-cv-01973-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| William R. Byars, Jr., Director; John H. | ) | |
| Carmichael, Jr., Deputy Director; Gary A. | ) | |
| Boyd, Director of Inmate Services; Lloyd | ) | |
| J. Roberts, Chief Chaplain of Inmate | ) | |
| Services; Omar Shaheed, Senior Muslim | ) | |
| Chaplain of Islam Affairs; Tamir Abdul | ) | |
| Mutakabluir, Islam Affairs; Reginald Cruz, | ) | |
| Chaplain of Inmate Service; Glenn Sherman,) | | |
| Chaplain of Inmate Service; David Tatarsky,) | | |
| General Counsel; Sandra Bowie, Policy | ) | |
| Development; and J. Michael Brown, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Kevin Harbin ("Plaintiff") filed this *pro se* action alleging violations of his First Amendment right to the free exercise of his religion by Defendants South Carolina Department of Corrections; William R. Byars, Jr., Director; John H. Carmichael, Jr., Deputy Director; Gary A. Boyd, Director of Inmate Services; Lloyd J. Roberts, Chief Chaplain of Inmate Services; Omar Shaheed, Senior Muslim Chaplain of Islam Affairs; Tamir Abdul Mutakabluir, Islam Affairs; Reginald Cruz, Chaplain of Inmate Service; Glenn Sherman, Chaplain of Inmate Service; David Tatarsky, General Counsel; Sandra Bowie, Policy Development; and J. Michael Brown, Senior Chaplain (collectively "Defendants").  (ECF No. 1.)  This matter is before the court on Defendants' Motion for Summary Judgment (ECF No. 128) and Plaintiff's Motion Requesting Judicial Notice (ECF No. 144).

1

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling.  On June 12, 2014, the magistrate judge issued a Report and Recommendation ("Report") recommending the court grant Defendants' Motion for Summary Judgment.  (ECF No. 143.)  This review considers Plaintiff's Objections to Report and Recommendation ("Objections"), filed June 26, 2014.  (ECF No. 146.)  For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report.  The court thereby **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 128).  In addition, the court **DENIES** Plaintiff's Motion Requesting Judicial Notice (ECF No. 144).

## FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Plaintiff are discussed in the Report. (*See* ECF No. 143.)  The court concludes, upon its own careful review of the record, that the magistrate judge's factual summation is accurate and incorporates it by reference.  The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is a member of the Nation of Islam ("NOI") and is incarcerated at the Broad River Correctional Institution ("BRCI") within the South Carolina Department of Corrections ("SCDC").  (ECF No. 1-1 at 2-3.)  Plaintiff originally filed this complaint in the Court of Common Pleas for Richland County along with several co-plaintiffs.  (ECF No. 143 at 2, *see also* ECF No. 1-1 at 2.)  In the complaint, Plaintiff alleges his free exercise rights under the First Amendment have been violated, that the SCDC does not allow NOI inmates to conduct study group classes, and that SCDC policy does not recognize different Muslim denominations.  (ECF No. 143 at 3, *see also* ECF No. 1-1 at 3-5.)  Plaintiff seeks money damages and injunctive relief. (ECF No. 1-1 at 3.)

On July 17, 2013, Defendants filed a notice of removal.  (ECF No. 1.)  On July 22, 2013,

Defendants filed a motion to dismiss all plaintiffs except Plaintiff Harbin, who was the only plaintiff to sign the complaint.  (ECF No. 143 at 2.)  This court adopted the magistrate judge's August 29, 2013, Report and Recommendation (ECF No. 39) on November 4, 2013, dismissing all plaintiffs except Plaintiff Harbin.  (ECF No. 97).  Plaintiff filed an amended complaint on August 29, 2013.  (*See* ECF Nos. 23-1, 40.)  On February 24, 2014, Defendants filed a Motion for Summary Judgment.  (ECF No. 128.)  Plaintiff filed his Response in Opposition to the Motion for Summary Judgment on April 16, 2014.  (ECF No. 136.)  The magistrate judge issued the Report on June 12, 2014, recommending the court grant Defendants' Motion for Summary Judgment.  (ECF No. 143.)

The magistrate judge analyzed Plaintiff's claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") which states, "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution… unless the government demonstrates that imposition of the burden… (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest."  (ECF No. 143 at 8, citing 43 U.S.C. § 2000cc-1(a).)  The magistrate judge found that the SCDC's reasoning for not providing separate NOI services—a lack of adequate space and security staff for separate services, only two Muslim chaplains employed by the SCDC, and the fact that it was not necessary to have separate services to properly exercise their religious beliefs—made a showing under the RLUIPA.  (ECF No. 143 at 11.)  The magistrate judge further found that monetary damages under the RLUIPA are barred by sovereign immunity.  (*Id.* at 12.)  Next, the magistrate judge found that Plaintiff's claims under the First Amendment also fail, as Plaintiff's claims failed under RLUIPA's "more searching standard" and would therefore fail under the First Amendment's less strict "reasonableness"

standard.  (*Id.* at 13.)   Under the First Amendment, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  (*Id.* at 12, citing *Turner v. Safley,* 482 U.S. 78, 89 (1987).)  Four factors are to be considered to make this determination: (1) whether there is a rational connection between the regulation and the penological interest, (2) whether alternative means of exercising the right are available to the prisoner, (3) the impact accommodating the prisoner would have on security staff, other inmates, and prison resources, and (4) whether other "obvious, easy alternatives" exist.  *Lovelace v. Lee,* 472 F.3d 174, 200 (4th Cir. 2006), citing *Turner,* 482 U.S. at 89-92.

As Plaintiff has not established Defendants have violated his constitutional rights, the magistrate judge also found that Defendants are entitled to qualified immunity.  (ECF No. 143 at 16.)  Qualified immunity protects government officials performing discretionary functions from civil liability as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known."  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  The magistrate judge found that Defendant Brown is entitled to summary judgment for Plaintiff's claim that he was denied a pastoral visit since Plaintiff had not exhausted his administrative remedies in regard to this claim, as required by the Prison Litigation Reform Act.  (*Id.* at 13-14.)   Additionally, the magistrate judge found that the record showed Defendant Brown took proper action to remove Inmate Kenneth Nichols from BRCI after Inmate Nichols made disparaging remarks about the NOI.  (*Id.* at 14-15.)  The magistrate judge further found that liability could not be imposed on Defendant Tatarsky, as he was not personally involved in the religious issues or grievance process.  (*Id.* at 15.)  Finally, the magistrate judge recommended the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, as

Defendants are entitled to summary judgment on all of Plaintiff's federal claims. (*Id.* at 17.)

On June 12, 2014, Plaintiff filed a Motion Requesting Judicial Notice, offering documents showing that the NOI newspaper The Final Call is classified as "questionable material" by prison mailroom staff and is delayed in its delivery to Plaintiff. (ECF No. 144.) Plaintiff timely filed his Objections to the Report on June 26, 2014. (ECF No. 146.)

## STANDARD OF REVIEW

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir.

5

1984).   If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).   The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim.   *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## ANALYSIS

**Motion for Summary Judgment**

Plaintiff offers no objections to the portions of the Report regarding Plaintiff's failure to exhaust administrative remedies regarding claims against Defendant Brown, the actions taken regarding Inmate Nichols, Plaintiff's failure to state a claim against Defendant Tatarsky, and the magistrate judge's recommendation that the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.   In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation.   *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).   Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond,* 416 F.3d at 315.   Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.   28 U.S.C. § 636(b)(1); *Thomas,* 474 U.S. 140; *Wright,* 766 F.2d 841; *Schronce,* 727 F.2d 91.   Therefore, after a thorough and careful review of the Report and the record regarding these issues, the court finds the Report provides an accurate summary of the facts and law and adopts the magistrate judge's recommendations.

The remainder of Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b).  Although Plaintiff enumerates several points in his Objections, he offers only reiterations of previous arguments and unsupported assertions.  Since Plaintiff failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315.  The court does not find clear error and accepts the Report by the magistrate judge.

Plaintiff includes with his Objections four affidavits.  (*See* ECF Nos. 146-1, 146-2, 146-3, 146-4.)  "The court has discretion to receive Plaintiff's new evidence as part of the review of the [m]agistrate [j]udge's Report and Recommendations."  *Blake v. Children's Attention Home,* 2013 WL 1281946 (D.S.C. March 26, 2013), citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Doe v. Chao,* 306 F.3d 170, 183 n.9 (4th Cir. 2002) ("[T]he question of whether to consider such evidence rests within the sound discretion of the district court.").  With the exception of the affidavit from Ras N. A. Khafre (ECF No. 146-3), which alleges an incident that occurred after the Report was filed, Plaintiff offers no explanation as to why he is providing these affidavits at this point rather than earlier in the process.  He alleges neither difficulty locating affiants nor explains why he did not realize a need for the affidavits until this point.  The affidavit from Minister William Muhammad dated June 19, 2014, (ECF No. 146-4), provides verbatim the same statement as Minister Muhammad's affidavit dated April 2, 2014, that was attached to Plaintiff's Response in Opposition to the Motion for Summary Judgment (ECF No. 136-19). Further, both statements appear to be notarized by the affiant himself.  (*See* ECF No. 146-4 at 2, 136-19 at 2.)  The affidavits of Ferris Singly (ECF No. 146-1) and Frederick L. Howell (ECF No. 146-2), while alleging facts that there is tension between members of the

various Muslim sects at BRCI, fail to allege any facts establishing Defendants have violated Plaintiff's free exercise rights.  The affidavit of Ras N. A. Khafre (ECF No. 146-3), while alleging a new incident, addresses allegations similar to those Plaintiff has made throughout the pleadings that have thus far failed to establish Plaintiff's claims.  Thus, these affidavits provide no facts that show the magistrate judge erred in his analysis.

Plaintiff attempts to distinguish his case from *Allen v. South Carolina Dep't of Corr.*, which the magistrate judge found to be analogous to Plaintiff's claims.  (ECF No. 146 at 5-8; *see also* ECF No. 143 at 10-11; *Allen v. South Carolina Dep't of Corr.*, 2012 WL 1655295 (D.S.C. May 10, 2012), *adopting* Report and Recommendation reported at 2012 WL 1655297 (D.S.C. Apr. 24, 2012).)  In *Allen*, the court found that "generic Muslim services provide comfort and solace to NOI members without pressuring such members to commit acts forbidden by their religion or preventing them from engaging in conduct or having a religious experience mandated by their faith."  *Allen,* 2012 WL 1655297 at *4, citing *Muhammad v. City of New York Dept. of Corr.,* 904 F.Supp. 161, 191 (S.D.N.Y.1995).  Plaintiff lists many factual differences between his claims and the facts in *Allen*, but the distinctions are minor and immaterial to the analysis under RLUIPA.  A direct fact-to-fact match is not required for a case to be applicable in legal analysis, and Plaintiff fails to show how these minor factual distinctions prove an error in the magistrate judge's analysis.

Plaintiff also seems to challenge the finding that Defendants are employing the least restrictive means to serve their proffered penological interests.  (*See* ECF No. 146 at 10-12.) Plaintiff points to his previously made claims that NOI ministers and volunteers have offered to perform services and lead study groups, but have been denied.  (*Id.*, *see also* ECF No. 146-3.) However, this addresses only one concern—the availability of religious leaders—and Plaintiff

8

does not address other reasons, such as inadequate security staff and the lack of proper space, for the SCDC's actions.  Plaintiff cannot demonstrate how these bare assertions prove Defendants are not utilizing the least restrictive means.

Plaintiff also objects to the magistrate judge's findings regarding damages under RLUIPA and qualified immunity.  (ECF No. 146 at 13.)  Plaintiff argues that damages may be available when "conduct is motivated by evil motive or intent or when it demonstrates reckless or callous indifference to federally protected rights."  (*Id.*)  However, Plaintiff fails to point to facts showing an "evil motive" or "callous indifference" on the part of Defendants.  In regard to qualified immunity, Plaintiff makes only the bare assertion that "a *de novo* review will show that qualified immunity" does not apply.  (*Id.*)  As discussed, Plaintiff has failed to demonstrate as such and he provides no facts in his Objections to show otherwise, nor has Plaintiff made any specific objections to necessitate a *de novo* review.

**Motion Requesting Judicial Notice**

Plaintiff filed a Motion Requesting Judicial Notice[1] regarding Plaintiff's allegations concerning The Final Call newspaper's designation as "questionable material" by prison mailroom staff.  (ECF No. 144).  Under Federal Rule of Evidence 201(b), "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  The points for which Plaintiff requests judicial notice are not general knowledge within this jurisdiction, nor can they be readily determined from the sources.  In addition, as Defendants noted in their Memorandum in Opposition to Plaintiff's Motion Requesting Judicial Notice (ECF No. 148), none of the

---

[1] Plaintiff references his Motion Requesting Judicial Notice in his Objections, in effect incorporating the motion as his second objection.  (ECF No. 146 at 4.)

documents Plaintiff attaches to his Motion have been properly authenticated.  (*Id.* at 2.)  Further, even if the court were to take judicial notice of the facts Plaintiff alleges in his Motion, Plaintiff fails to explain how these facts establish his claim against Defendants.  Plaintiff does not show any facts to prove the newspaper is necessary to the practice of his religion, nor does he demonstrate that the delay in receiving the newspaper as it is reviewed by prison staff "substantially burdens" the exercise of his religion.

**CONCLUSION**

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the magistrate judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the magistrate judge (ECF No. 143).  It is therefore ordered that Defendant's Motion for Summary Judgment (ECF No. 128) is **GRANTED**.  It is further ordered that Plaintiff's Motion Requesting Judicial Notice (ECF No. 144) is **DENIED**.

   **IT IS SO ORDERED.**

       *J. Michelle Childs*

       United States District Judge

September 30, 2014
Columbia, South Carolina

10